Wyeth E. Burrows (State Bar No. 203851)
Wburrows@wshblaw.com
Steven J. Scordakis (State Bar No. 328752)
Sscordakis@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
501 West Broadway, Suite 1200
San Diego, California 92101
Phone: 619-849-4900 ♦ Fax: 619-849-4950

Attorneys for Defendant KNIGHT TRANSPORTATION, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| SIPRIANA NAVARRO,<br><br>Plaintiff,<br><br>v.<br><br>KNIGHT TRANSPORTATION, INC.; MELISSA PRATT; and DOES 1 to 50 inclusive,<br><br>Defendants. | Case No. 5:20-cv-02481-JGB (Kkx)<br><br>**DEFENDANT KNIGHT TRANSPORTATION, INC.'S ANSWER TO COMPLAINT**<br><br>The Hon. Jesus G. Bernal<br><br>Trial Date: None Set |

**COMES NOW** Defendant KNIGHT TRANSPORTATION INC. (hereinafter "Defendant"), for itself alone, by and through its counsel of record, answers to the Complaint of Plaintiff SIPRIANA NAVARRO (hereinafter "Plaintiff"), as follows:

## DENIAL OF ALLEGATIONS NOT ADMITTED

Except as expressly admitted herein, Defendant denies each and every allegation in Plaintiff's Complaint, including any allegation that may be deemed to be contained in any heading or caption of Plaintiff's Complaint.

The following admissions and denials are intended to track the numbered paragraphs of Plaintiff's Complaint.

1.      Answering paragraph 1 of Plaintiff's Complaint, Defendant is informed and believes that Plaintiff has alleged causes of action against Defendants, KNIGHT TRANSPORTATION INC., MELISSA PRATT, and DOES 1 to 50, inclusive.

2.      Answering Paragraph 2 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

3.      Answering paragraph 3 of Plaintiff's Complaint, there are no allegations as to this answering Defendant.

4.      Answering paragraph 4 of Plaintiff's Complaint, there are no allegations as to this answering Defendant.

5.      Answering paragraph 5 of Plaintiff's Complaint, Defendant admits that Defendant MELISSA PRATT is a natural person and that Defendant KNIGHT TRANSPORTATION INC. is a corporation. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein.

6.      Answering paragraph 6 of Plaintiff's Complaint, there are no allegations as to this answering Defendant and Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations therein.

7.      Answering paragraph 7 of Plaintiff's Complaint, there are no allegations as to this answering Defendant.

8.      Answering paragraph 8 of Plaintiff's Complaint, Defendant admits that the injury claimed by Plaintiff occurred within the court's jurisdictional area. Defendant denies that the California Superior Court is the proper court because Defendant has removed this case to the United States District Court, Central District of California, Eastern Division.

9.      Answering paragraph 9 of Plaintiff's Complaint, there are no allegations as to this answering Defendant.

10.     Answering paragraph 10 of Plaintiff's Complaint, Defendant admits that Plaintiff has asserted claims for motor vehicle negligence and general

negligence against Defendants. Defendant denies that any damages or harm suffered by Plaintiff was caused, in any way, by Defendant. Defendant denies the remaining allegations therein.

11. Answering paragraph 11 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations therein.

12. Answering paragraph 12 of Plaintiff's Complaint, there are no allegations as to this answering Defendant.

13. Answering paragraph 13 of Plaintiff's Complaint, Defendant admits that the relief sought in this complaint is within the jurisdiction of the California Superior Court and the United States District Court, Central District of California.

14. Answering paragraph 14 of Plaintiff's Complaint, Defendant admits that Plaintiff has asserted a claim for damages in this action. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations therein.

15. Answering paragraph 15 of Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations therein.

16. With respect to Plaintiff's first cause of action for motor vehicle, including all form allegations contained on page 4 (page 1 of 1), Defendant denies that its actions were negligent and/or that its acts were the proximate cause of Plaintiff's injuries and damages. Defendant admits that the incident occurred on February 23, 2019 at the Interstate-215 Freeway, 200 feet south of Fair Isle Road in the City of Riverside in the State of California. Defendant admits that Defendant MELISSA PRATT was operating a motor vehicle on the day of the incident. Defendant further admits that KNIGHT TRANSPORTATION, INC. employed Defendant MELISSA PRATT and that Defendant MELISSA PRATT acted within the scope of her agency. Defendant further admits that KNIGHT

1  TRANSPORTATION, INC owned the motor vehicle being operated by Defendant
2  MELISSA PRATT on the date of the incident.  Defendant denies it negligently
3  inspected, maintained, and/or repaired the motor vehicle at issue and/or the result of
4  which caused and or contributed to the alleged incident.  Defendant lacks
5  knowledge or information sufficient to form a belief about the truth of the rest of the
6  allegations contained therein.

7       17.    With respect to Plaintiff's second cause of action for general
8  negligence, including all form allegations contained on page 5 (page 1 of 1),
9  Defendant denies its actions were proximate cause of Plaintiff's damages and/or
10 negligently caused the damage to Plaintiff.  Defendant admits that the incident
11 occurred on February 23, 2019 at the Interstate-215 Freeway, 200 feet south of Fair
12 Isle Road in the City of Riverside in the State of California.  Defendant denies that it
13 negligently owned, entrusted, and/or drove a motor vehicle so as to cause it to strike
14 Plaintiffs vehicle.  Defendant denies its heirs, agents, and/ or employees negligently
15 hired, trained, and supervised Defendants, so as to cause the complained of
16 collision.  Defendant lacks knowledge or information sufficient to form a belief
17 about the truth of the remaining allegations therein.

## AFFIRMATIVE DEFENSES

19      18.    Defendant sets forth the following affirmative defenses to Plaintiff's
20 Complaint:

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

23      19.    For a first, separate and affirmative defense to Plaintiff's Complaint,
24 and each and every cause of action on file herein, this answering Defendant asserts
25 that the Complaint fails to state facts sufficient to form a claim for relief

### SECOND AFFIRMATIVE DEFENSE
### (ASSUMPTION OF THE RISK)

28      20.    For a second, separate and affirmative defense to Plaintiff's Complaint,

1 and each and every cause of action on file herein, this answering Defendant asserts
2 that Plaintiff assumed the risk of injury by her conduct.

### THIRD AFFIRMATIVE DEFENSE
### (COMPARATIVE FAULT)

21. For a third, separate and affirmative defense to Plaintiff's Complaint, and each and every cause of action on file herein, this answering Defendant asserts Plaintiff's injuries are attributable in whole or in part to her own comparative fault.

### FOURTH AFFIRMATIVE DEFENSE
### (FAULT OF THIRD PARTIES)

22. For a fourth, separate and affirmative defense to Plaintiff's Complaint, and each and every cause of action on file herein, this answering Defendant asserts Plaintiff's damages were caused in whole or in part by the fault of third parties.

### FIFTH AFFIRMATIVE DEFENSE
### (MITIGATION OF DAMAGES)

23. For a fifth, separate and affirmative defense to Plaintiff's Complaint, and each and every cause of action on file herein, this answering Defendant is informed and believes, and thereon alleges, that Plaintiff has failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by Plaintiff must be diminished or barred by reason thereof.

### SIXTH AFFIRMATIVE DEFENSE
### (LACHES)

24. For a sixth, separate and affirmative defense to Plaintiff's Complaint, and each and every cause of action on file herein, this answering Defendant is informed and believes, and thereon alleges, that Plaintiff is barred from recovery herein by the equitable doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

25. For a seventh, separate and affirmative defense to Plaintiff's Complaint,

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

and each and every cause of action on file herein this answering Defendant is informed and believes, and thereon alleges, , that Plaintiff is barred from all relief requested in Plaintiffs' Complaint by Plaintiffs' unclean hands and shared fault.

## EIGHT AFFIRMATIVE DEFENSE
## (ESTOPPEL)

26. For an eighth, separate and affirmative defense to Plaintiff's Complaint, and each and every cause of action on file herein, this answering Defendant is informed and believes, and thereon alleges, that Plaintiff is barred by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE
## (STATUTE OF LIMITATIONS)

27. For a ninth, separate and affirmative defense to Plaintiff's Complaint, and each and every cause of action on file herein, this answering Defendant is informed and believes, and thereon alleges, that the Complaint and each and every cause of cause of action therein is barred by all applicable statutes of limitations, notably California Code of Civil Procedure section 335.1.

## TENTH AFFIRMATIVE DEFENSE
## (RESERVATION OF RIGHTS AS TO FURTHER DEFENSES)

28. For an tenth, separate and affirmative defense to Plaintiff's Complaint, and each and every cause of action on file herein, this answering Defendant contends this suit was its first notice of a claim relating to Plaintiff's injuries. Defendant has no knowledge of the circumstances of the alleged injuries and anticipates additional defenses may become apparent through discovery. As such, Defendant reserves its right to raise additional defenses in this litigation.

## PRAYER

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of her Complaint;
2. That judgment be rendered in favor of this Defendant;

3. For costs of suit incurred in defense of this action; and

4. For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

A jury trial is demanded on behalf of this Defendant.

DATED: December 16, 2020        WOOD, SMITH, HENNING & BERMAN LLP

By: */s/ Wyeth E. Burrows*
WYETH E. BURROWS
STEVEN J. SCORDAKIS
Attorneys for Defendant KNIGHT TRANSPORTATION, INC.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

16307086.1:10092-0090               -7-               Case No. 5:20-cv-00981-JGB-SPx
DEFENDANT KNIGHT TRANSPORTATION, INC.'S ANSWER TO COMPLAINT

# PROOF OF SERVICE

**Sipriana Navarro v. Knight Transportation, Inc., et al.**
**USDC-Central Case No.:  5:20-cv-02481-JGB (KKx)**

I am employed in the County of San Diego, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 501 West Broadway, Suite 1200, San Diego, CA 92101.

On December 16, 2020, I served the following document(s) described as **DEFENDANT KNIGHT TRANSPORTATION, INC.'S ANSWER TO COMPLAINT** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address mstumbaugh@wshblaw.com to the persons at the electronic notification address listed in the service list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was not successful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 16, 2020, at San Diego, California.

*/s/ Maryellen A. Stumbaugh*
Maryellen A. Stumbaugh

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

16307086.1:10092-0090                -1-                Case No. 5:20-cv-00981-JGB-SPx
DEFENDANT KNIGHT TRANSPORTATION, INC.'S ANSWER TO COMPLAINT

**SERVICE LIST**
**Sipriana Navarro v. Knight Transportation, Inc., et al.**
**USDC-Central Case No.:  5:20-cv-02481-JGB (KKx)**

Hussein H. Saleh, Esq.
THE DOMINGUEZ FIRM
3250 Wilshire Boulevard, Suite 2200
Los Angeles, CA  90010
Tel:  213.388.7788 | Fax:  213.388.9540
Email: hussein.saleh@dominguezfirm.com
**Attorneys for Plaintiff SIPRIANA NAVARRO**